**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
JOSEPHN HAN and TONY CHANG, on      :
behalf of themselves and other similarly   :
situated,                                                    :
                                                                :
                        Plaintiff,                          :      **Civil Action No.: 09 Civ. 5589**
                                                                :
            - against -                                   :
                                                                :
STERLING NATIONAL MORTGAGE   :
COMPANY, INC., JONATHAN             :
GOLDBERG, ADAM DEJAK and           :
MICHAEL BIZENOV,                        :
                                                                :
                        Defendants.                     
---------------------------------------------------------x

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT  OF PLAINTIFF'S**
**MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND FOR COURT**
**FACILITATION OF NOTICE PURSUANT TO 29 U.S.C. § 216(b)**

KRASELNIK & LEE, PLLC
30 East 39th Street, Second Floor,
New York, NY 10016
Tel: 212-465-1188
Fax: 212-465-1181

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................... 4

COUNTERSTATEMENT OF RELEVANT FACTS ........................................... 4

    A.    TEAM LEADERS ARE SIMILAR TO INSIDE LOAN OFFICERS.................... 4

    B.    PLAINTIFFS WERE NOT PAID A FREE AND CLEAR SALARY .................. 5

    C.    DEFENDANTS DID NOT KEEP PROPER EMPLOYEE RECORDS ................ 6

ARGUMENT .......................................................................................................... 6

    I.    PLAINTIFFS CAN DEMONSTRATE A LIKELIHOOD OF SUCCESS ON THE MERITS .......................................................................................................... 6

        A.    MERITS OF THE CASE ARE NOT TO BE DECIDED AT THE PRELIMINARY STATE ........................................................................ 6

        B.    DEFENDANTS MISINTERPRETED AND IMPROPERLY RELIED ON DOL OPINION LETTER AND ARE NOT SHIELDED FROM LIABILITY DUE TO THEIR MISINTERPRETATION OF DOL OPINION LETTER ................................................................................. 8

        C.    PLAINTIFFS WERE NOT PAID A "FREE AND CLEAR" SALARY ... 8

    II.    PLAINTIFFS ARE "SIMILARLY SITUATED" TO THE PROPOSED MEMBERS OF THE COLLECTIVE ACTION ..................................................... 9

    III.    PLAINTIFFS' PROPOSED NOTICE IS PROPER ............................................. 11

        A.    NOTICE SHOULD HAVE A THREE YEAR WINDOW ...................... 11

        B.    INSIDE LOAN OFFICERS AND TEAM LEADERS SHOULD RECEIVE OPT-IN NOTICE .................................................................... 11

        C.    DEFENDANTS SHOULD BE REQUIRED TO DISCLOSE SOCIAL SECURITY NUMBERS AND TELEPHONE NUMBERS.................... 12

        D.    PLAINTIFFS' PROPOSED NOTICE IS NOT MISLEADING ............. 12

CONCLUSION ..................................................................................................... 13

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946)* ................................................................. 6

*Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 608 (2006) ................................................................12

*Bifulco v. The Mortgage Zone, Inc.*, 262 F.R.D. 209 (E.D.N.Y. 2009) ................................................ 4, 10

*Caridad v. Metro-North Commuter R.R.,* 191 F.3d 283, 293 (2d Cir.1999)…………………………………….7

*Gjurovich v. Emmanuel's Marketplace* 282 F. Supp. 2d 91, 96, 101, 104 (S.D.N.Y. 2003) ........................................7

*Guzman v. VLM, Inc.*, No. 07-Civ. 1126, 2007 U.S. Dist. LEXIS 75817, at *23-24 (E.D.N.Y. Oct. 11, 2007) .........12

*Hoffmann v. Sharro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)................................................................7

*Huang v. J&A Entertainment Inc.*, No. 09-civ 05587, (E.D.N.Y. June 29, 2010) ....................................................10

*Francis*, 2008 U.S. Dist. LEXIS 49971 ................................................................12

*Franco v. Ideal Mortgage Bankers, Ltd.*, 2009 WL 3150320 (E.D.N.Y. 2009)........................................................ 10

*Green v. Wolf Corp.*, 406 F.2d 291, 298 (2d Cir.1968)…………………………………………………….7

*Iriarte v. Redwood Deli & Catering, Inc.,* No. 07- Civ. 5062, 2008 U.S. Dist. LEXIS 50072 (E.D.N.Y. June 30, 2008). ................................................................10, 12

*Jackson v. New York Tel. Co.,* 163 F.R.D. 429, 431 (S.D.N.Y.1995) ................................................................6

*Levy v. Verizon Information Services Inc*., Nos 06 CV 1583, 06 CV 5056, 2007 WL 1747104 (E.D.N.Y. June 11, 2007) ................................................................12

*Masson v. Ecolab, Inc.,* 2005 U.S. Dist. LEXIS 18022 at *38 (S.D.N.Y. Aug. 18, 2005)...........................................7

*Patton v. Thomson Corp.*, 264 F. Supp. 2d 263, 267-68 (E.D.N.Y. 2005)................................................................12

*Pefanis v. Westway Diner, Inc.*, No. 08-civ 002, 2008 U.S. Dist. LEXIS 81082, at *3-4 (S.D.N.Y Oct. 8, 2008) ....10

*Roebuck v. Hudson Valley Farms,* 238 F.Supp. 239 (N.D.N.Y.2002)................................................................14

*Villatoro v. Kim Son Restaurant, L.P.*, 286 F.Supp.2d 807,811 (S.D. Tex. 2003) ....................................................11

*Searson v. Concord Mortgage Corp.*, 2009 WL 3063316  (E.D.N.Y. 2009) ...................................................... 10, 11

*Shabazz v. Morgan Funding Corp.,* WL 2505485 (S.D.N.Y. 2010)………………………………………………….7

*Takacs v. A.G. Edwards & Sons, Inc.*, 444 F.Supp.2d 1100 (S.D. Cal. 2006).............................................................9

*Trinidad v. Breakaway Courier Systems, Inc.,* 2007 WL 103073, at 3* (S.D.N.Y. Jan 12, 2007)................................12

*Vaughan v. Mortgage Source LLC*, 2010 WL 1528521(E.D.N.Y. 2010) ................................................................10

*Young v. Cooper Cameron Corp.*. 229 F.R.D. 50, 55 (S.D.N.Y; 2005) ................................................................7

**STATUTES**

29 U.S.C. § 216(b).............................................................................................................................................12

**INTRODUCTION**

Plaintiffs submit this reply memorandum in response to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Collective Certification and in further support of Plaintiffs' Motion for Conditional Collective Certification.  The Court should grant Plaintiffs' motion because Plaintiffs meet the minimal burden of showing that they and putative class members are similarly situated.  Defendants' opposition attempts to divert focus from this, relying predominantly on (i) inaccurate factual assumptions, (ii) an improper merits-based argument, (iii) inapplicable second-stage standards and (iv) unreasonable and inaccurate reliance on DOL opinion letters.

**COUNTERSTATEMENT OF RELEVANT FACTS**

Although a motion for conditional certification is not the proper forum to litigate the merits of Plaintiffs' claims, see *Bifulco v. The Mortgage Zone, Inc.,* 262 F.R.D. 209 (E.D.N.Y. 2009) (Judge Bianco), Plaintiffs are compelled to clarify certain factual assertions of Defendants.

**A.      Team Leaders Are Similar to Inside Loan Officers.**

Defendants assert that Team Leaders "spend a majority of their time supervising inside loan officers."  Such statement is inaccurate.  The Affidavit of Neal Krumper does not state that.  The Krumper Affidavit merely states that Team Leaders supervise inside loan officers, without stating whether a majority of their time is spent supervising or engaged in sales activity no different than other inside loan officers.

Defendants' assertion that Team Leaders have a different compensation scheme, and so should not be considered "similarly situated" as other inside loan officers, is disingenuous and purposefully misleading.  The Krumper Affidavit does not actually describe what the different compensation scheme is.  Plaintiffs believe that Team Leaders have the same compensation scheme as other inside loan officers except that Team Leaders also get to share in a percentage of

commissions earned by inside loan officers under their supervision.  Such minor deviation is not sufficient to preclude a determination that Team Leaders and inside loan officers are similarly situated.

**B.      Plaintiffs Were Not Paid a Free and Clear Salary**

Section 2, titled "Draw Against Commission," of Plaintiff Han's Compensation Agreement, states as follows:

> During the course of employment, [Plaintiff Han] will receive a draw against commission in the maximum gross amount of $1,100 bi-weekly. . . The draw paid shall be recoverable against commissions earned. . . Accordingly, in the event that [Plaintiff Han] does not earn sufficient commission to satisfy draw payments made during a previous pay period, then any unsatisfied draw shall be carried forward to the next pay periods until satisfied.

As can be seen above, the $1,100 is not a free and clear salary, but a loan, which must be repaid from future commissions earned by Plaintiff Han.  This is supported by an example in Section 2(A)(i) of the Compensation Agreement, which says that if [Plaintiff Han] earned $5,000 in commission, but has a negative draw balance of  $3,300, "the first $3,300 of commission will be allocated to ***pay back*** the outstanding draw balance and [Plaintiff Han] will be paid the remaining amount of $1,700."

Defendants concur that the same draw repayment mechanism outlined in Plaintiff Han's compensation agreement is used for Plaintiff Chang and all other inside loan officers. Defendants' factual assertion that the draw is guaranteed is insubstantial, because so long as an inside loan officer is employed, he is required to "pay back" any amounts of draw paid to him out of commission earnings.  In essence, the inside loan officer position is no different than that of mortgage loan officers who receive no base and only commission, because an inside loan officer's base salary is to be repaid out of future commissions earnings.

5

**C.    Defendants Did Not Keep Proper Employee Records**

Defendants assert that neither Plaintiff Han nor Chang ever worked in excess of 40 hours a week.  However, the only evidence they can provide are telephone records which show the first phone call and the last phone call of each day.  It is highly probable – actually, it is an absolute certainty – that Plaintiffs worked more hours than those reflected on the phone records, which only show hours when Plaintiffs first started using the phone and does not account for team meetings and other non-telephonic work that Plaintiffs and other inside loan officers are required to perform.

To properly show hours worked, Defendants should be required to provide computer time clocks or punch-clock records.  Otherwise, under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946), Defendants have not satisfied their burden of disproving Plaintiffs reasonable estimation of hours worked.

**ARGUMENT**

**I.    PLAINTIFFS CAN DEMONSTRATE A LIKELIHOOD OF SUCCESS ON THE MERITS**

**A.    Merits of the Case are Not to be Decided at the Preliminary State**

Courts in the Second Circuit typically undertake a two-stage review in determining whether a suit may proceed as a collective action under the FLSA. As a first step the court examines pleadings and any supporting affidavit, and if the court finds that proposed class members are similarly situated, the class is conditionally certified; potential class members are then notified and given an opportunity to opt-in to the action. *See Masson v. Ecolab, Inc.,* 2005 U.S. Dist. LEXIS 18022 at *38 (S.D.N.Y. Aug. 18, 2005). The second step of the certification analysis occurs upon completion of discovery.

Plaintiff's motion here seeks only a first-step certification. At this initial stage, a representative plaintiff has only a minimal burden to show that he is similarly situated to the potential class. See, *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F.Supp.2d 91, 96 (S.D.N.Y. 2003); *Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 55 (S.D.N.Y 2005). This inquiry is less stringent than the second-stage review that supplies the final determination on certification of the representative action. See *Jackson v. New York Tel. Co.,* 163 F.R.D. 429, 431 (S.D.N.Y.1995). A plaintiff can satisfy its initial burden "by making a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro, Inc.,* 982 F.Supp. 249, 261 (S.D.N.Y.1997); see also *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp.2d 101, 104 (S.D.N.Y. 2003). It is not necessary for a court to evaluate the merits of a plaintiff's claims in order to determine that a group of similarly situated persons exists. *Id.* at 262.

The "focus ... is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated ... with respect to their allegations that the law has been violated." *Young,* 229 F.R.D. at 54.  Thus the Court should decline to weigh the merits of the underlying claims and focus on whether the Plaintiff has met his minimal burden to show that other employees may be "similarly situated."  On a motion to certify a class, a court must accept all allegations in the pleadings as true, but should not determine or resolve the merits or claims of the case. *See Shabazz v. Morgan Funding Corp.,* WL 2505485 (S.D.N.Y. 2010), citing *Caridad v. Metro-North Commuter R.R.,* 191 F.3d 283, 293 (2d Cir.1999). The Second Circuit stated in *Green v. Wolf Corp .,* "if there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require." 406 F.2d 291, 298 (2d Cir.1968).

Here, Plaintiffs have alleged in personal sworn testimonies that Defendants had a policy of not paying a free and clear salary.  In none of the supporting declarations supplied by Defendants do they refute such Plaintiffs' claims that all inside loan officers were paid in the same manner.  Instead, their only defense is to recharacterize the draw paid to Plaintiffs and other inside loan officers as a "salary, " when in reality such salary is to be repaid from commission income earned from inside loan officers.  None of the supporting declarations of Defendants provide that inside loan officers were compensated differently, or performed different tasks, from other inside loan officers.  We believe that Plaintiffs have met their minimal burden.

**B.      Defendants Misinterpreted and Improperly Relied on DOL Opinion Letter And Are Not Shielded From Liability Due to Their Misinterpretation of DOL Opinion Letter**

Defendants claim that they relied on the September 8, 2006 DOL letter as the basis for their assumption that loan officers were subject to an exemption.  However, page 2 of the DOL letter specifically states that the basis for the administrative exemption assumes that loan officers are "paid on a salary basis."

As stated above, Plaintiff Han's Compensation Agreement show that Defendants did not pay a free and clear salary to their inside loan officers. Thus, they had no reasonable basis for relying on an administrative exemption and the inappropriate implementation of the payment scheme to Plaintiffs and other inside loan officers should be considered willful and reckless conduct of the Defendants.

**C.      Plaintiffs Were Not Paid a "Free and Clear" Salary**

The September 8, 2006 DOL letter relied on by Defendants also states that mortgage loan officers qualify for the administrative exemption because they are treated similarly to employees

in the financial services industry.  Thus, Defendants should have been put on notice that all rulings relating to financial services employees would also relate to mortgage loan officers.

In November 2006, the DOL issued an opinion letter (DOL Opinion Letter, FLSA 2006-43, November 27, 2006) regarding employees in the financial services industry.  The DOL clarified its position regarding exempt status of financial services employees, stating that in determining the free and clear salary requirement, its opinion does not cover situations where a financial services employee "is asked to repay the guaranteed minimum salary/draw payments if he or she does not earn enough credits in excess commissions or fees above the minimum salary/draw amounts."  Thus, the DOL has already provided notice to Defendants that any scenario where an employee is required to repay a draw would violate the administrative exemption, which Defendants had relied upon.

In other courts, "recoverable draws" were held to not meet the salary basis test, as they are deducted from any commissions earned.  See *Takacs v. A.G. Edwards & Sons, Inc.,* 444 F.Supp.2d 1100 (S.D. Cal. 2006), as cited by *Sexton*, at *4.

## II.   PLAINTIFFS ARE "SIMILARLY SITUATED" TO THE PROPOSED MEMBERS OF THE COLLECTIVE ACTION

Defendants argue that Plaintiffs have failed to show that they are similarly situated as other inside loan officers.  Their arguments rely heavily on cases outside of the Second Circuit.

Cases in the Second Circuit have authorized conditional class certifications based on only one plaintiff declaration. See *Iriarte v. Redwood Deli & Catering, Inc.,* 2008 U.S. Dist. LEXIS 50072 (E.D.N.Y. June 30, 2008).  See also, *Pefanis v. Westway Diner, Inc.,* 2008 U.S. Dist. LEXIS 81082, at *3-4 (S.D.N.Y Oct. 8, 2008) (granting conditional collective certification in case with single plaintiff and no opt-ins).

Here, Plaintiffs have submitted two affidavits.  Moreover, Plaintiffs have provided specific allegations about how they were paid for their work by Defendants, and this practice is alleged to have been applied to all inside loan officers employed by Defendants.  Defendants do not dispute that all inside loan officers were paid by the same scheme.  Where there are no disputes regarding a common pay scheme among employees, class certification should be granted.  See  *Huang v. J&A Entertainment*, 09 CV 5587 (E.D.N.Y. June 29, 2010) (where two declarations provide that other employees performed same type of work, for the same pay, assertions in the declarations are more than adequate to establish the existence of a common policy and certification was granted).

At this preliminary stage, Plaintiffs' factual burden is minimal, and courts in the Eastern District of New York have repeatedly approved preliminary class certifications for plaintiffs were who were loan officers at mortgage lenders, where plaintiffs provided a modest factual showing.  See *Bifulco v. The Mortgage Zone, Inc.,* 262 F.R.D. 209 (E.D.N.Y. 2009) (Judge Bianco), *Sexton v. Franklin First Financial, Ltd.*, 2009 WL 1706535 (E.D.N.Y. 2009) (Judge Bianco), *Vaughan v. Mortgage Source LLC*, 2010 WL 1528521 (E.D.N.Y. 2010) (Judge Tomlinson), *Franco v. Ideal Mortgage Bankers, Ltd.*, 2009 WL 3150320 (E.D.N.Y. 2009) (Judge Tomlinson), *Searson v. Concord Mortgage Corp.*, 2009 WL 3063316  (E.D.N.Y. 2009).

Defendants assert that inside loan officers, among themselves, are not similarly situated because they may have individual claims or defenses.  It is well established in the Second Circuit that "individual claims or defenses do not preclude the conditional certification of an FLSA collective action."  See *Sexton,* at *8.

As stated earlier, Plaintiffs also assert that inside loan officers are similarly situated as Team Leaders, all of which should be considered as the same class.  Despite Defendants'

10

assertions that Team Leaders are compensated differently and also had additional duties of supervision, Plaintiffs do not believe that the duties of supervision constituted a "majority" of their responsibilities, and such assertion was not included in any of Defendant's affidavits. Moreover, the "different" compensation arrangement of Team Leaders, compared to regular inside loan officers, comprised only that Team Leaders participated in additional commissions earned from inside loan officers under their supervision.  Team Leaders also did not have authority to hire or fire nor did they have any other significant managerial authority.

## III.    PLAINTIFFS' PROPOSED NOTICE IS PROPER

### A.    Notice Should Have a Three Year Window

Defendants ask for a merits based determination that its violations were non-willful to limit the scope of the class period to two years.  However, "[a] court should not evaluate the merits of plaintiffs' claim in determining whether class notice is warranted."  See, e.g., *Roebuck v. Hudson Valley Farms,* 238 F.Supp. 239 (N.D.N.Y.2002); *Villatoro v. Kim Son Restaurant, L.P.*, 286 F.Supp.2d 807,811 (S.D. Tex. 2003).  Moreover, because "potential plaintiffs may be eliminated as each day goes by," if notice is delayed those employees in the third year may lose their claims altogether.  *Trinidad v. Breakaway Courier Systems, Inc.,* 2007 WL 103073, at *3 (S.D.N.Y. Jan 12, 2007)(citation omitted.)

See also, *Searson v. Concord Mortgage Corp.*, 2009 WL 3063316  (E.D.N.Y. 2009) (cutoff date is three years prior to the issuance of the notice).

### B.    Inside Loan Officers and Team Leaders Should Receive Opt-In Notice

As stated previously, inside loan officers and Team Leaders perform substantially the same tasks and are compensated in substantially the same manner.  We believe they should be considered similarly situated and that notice be sent to all inside loan officers and Team Leaders.

**C.    Defendants Should be Required to Disclose Social Security Numbers and Telephone Numbers**

Courts have ordered the production of Social Security numbers, and Plaintiff will enter into a confidentiality agreement in light of the private nature of these numbers. *Levy v. Verizon Info. Servs. Inc.,* No. 06 Civ. 1583, 2007 U.S. Dist. LEXIS 43223 (E.D.N.Y. June 11, 2007); *Patton v. Thomson Corp.,* 364 F. Supp. 2d 263 (E.D.N.Y. 2005). Social Security numbers are necessary so that as many potential class members as possible will learn of this lawsuit and have the opportunity to preserve their rights.

Finally, because the statute of limitations is running on each putative class member's FLSA claim, time is of the essence in notifying putative class members of this lawsuit. Accordingly, the Court should order Defendants to produce the names, last known mailing addresses, alternate addresses (if any), all known telephone numbers, Social Security numbers, and dates of employment of all potential class members within ten days of its order so that Plaintiff can quickly disseminate the notice of pendency.

**D.    Plaintiffs' Proposed Notice is Not Misleading**

Courts routinely authorize notice like Plaintiff's proposed notice that includes a short statement that defendants deny any wrongdoing. *Francis*, 2008 U.S. Dist. LEXIS 49971; *Iriarte v. Redwood Deli & Catering, Inc.,* 2008 U.S. Dist. LEXIS 50072 (E.D.N.Y. June 30, 2008). A lengthier statement regarding Defendants' defenses is unwarranted, particularly in light of the brevity of the description of Plaintiff's claims that the notice includes.

Defendants' suggestion that the notice imply potential class members could be liable for costs if Defendants prevail should be rejected outright. See *Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 608 (2006) ("[a] number of courts have declined to require plaintiffs to include this warning"). See also, *Cf. Guzman v. VLM, Inc.*, No. 07-Civ. 1126, 2007 U.S. Dist. LEXIS 75817,

at *23-24 (E.D.N.Y. Oct. 11, 2007)(rejecting defendants demand that a notice under §216(b) state that opt-ins would be responsible for costs and defendants could assert counterclaims).

Plaintiffs suggest that the parties confer and submit a joint proposed notice for approval by the Court and if the parties are not able to agree, to have a further hearing regarding contents of the notice.

## CONCLUSION

Because Plaintiff has sufficiently carried his light burden of making a modest factual showing that he is similarly situated as to other prospective plaintiffs, the Court should grant his motion for conditional certification and notice.

Respectfully submitted,

Dated: July 5, 2010

By:/s/ C.K. Lee
C. K. Lee, Esq.
Kraselnik & Lee, PLLC
30 East 39th Street, Second Floor
New York, NY 10118
T: 212-465-1188
F: 212-465-1181